IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD TROY WILLINGHAM,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6052 |
| | : | |
| KATHLEEN J. BOYER,<br>    Defendant. | : | |

**MEMORANDUM**

SCOTT, J.                                                              DECEMBER 17th, 2024

Reginald Troy Willingham, a prisoner incarcerated at SCI Fayette, filed this civil rights action against Kathleen J. Boyer, the attorney who allegedly represented him in his criminal proceedings. Willingham also seeks leave to proceed *in forma pauperis*, which the Court will grant. For the following reasons, the Complaint will be dismissed with leave to amend.

I.   **FACTUAL ALLEGATIONS**[1]

Willingham used the form complaint available to unrepresented litigants to file his civil rights claim. (ECF No. 1.) While he wrote words on the form that would indicate he intended to attach additional pages to the form (*see id.* at 4-5), only the form itself was mailed to the Clerk of Court. On the form, Willingham indicates that he seeks to sue Boyer for civil rights violations under 42 U.S.C. § 1983, alleging that she is a state actor who violated his due process rights because she provided ineffective assistance of counsel, had a conflict of interest, obstructed justice, was negligent, and denied him his Sixth Amendment right to counsel. (*Id.* at 3.) He provides no other substantive allegations to support these conclusions. He wants money

---

[1] The factual allegations are taken from Willingham's Complaint. (ECF No. 1.) The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

damages and to have his criminal case dismissed. (*Id.* at 5.) He also wants Boyer to lose her law license, and seeks an investigation into judicial misconduct and prosecutorial misconduct. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Willingham leave to proceed *in forma pauperis*.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Willingham is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] Because Willingham is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*). The Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is

well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

Willingham asserts constitutional claims against Boyer but because the form Complaint contains no facts and he failed to attach any additional pages to the form Complaint, his claims are not plausible. Specifically, his conclusory allegations are insufficient to state claims. *Iqbal*, 556 U.S. at 678. Because the facts are underdeveloped, the Complaint fails to provide fair notice of the grounds upon which Willingham's claims against Defendant rests, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits); *Wright v. United States*, No. 22-1164, 2023 WL 4540469 (3d Cir, July 14, 2023) (*per curiam*) (affirming the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them). Accordingly, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will permit Willingham an opportunity to file an amended complaint to fully set forth all the facts that form the basis of the claims he seeks to present. An appropriate Order will be entered.

BY THE COURT:

_____
KAI N. SCOTT, J.