## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD TROY WILLINGHAM,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-6052** |
| | : | |
| **KATHLEEN J. BOYER,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

**SCOTT, J.**                                                    **FEBRUARY  20, 2025**

In a prior Memorandum and Order, the Court dismissed the Complaint filed by Reginald
Troy Willingham, a prisoner incarcerated at SCI Fayette, asserting civil rights claims against
Kathleen J. Boyer, the attorney who allegedly represented him in his criminal proceedings.
*Willingham v. Boyer*, No. 24-5052, 2024 WL 5147026 (E.D. Pa. Dec. 17, 2024).  The Complaint
was dismissed without prejudice because the facts Willingham provided were underdeveloped
and he thus failed to provide fair notice of the grounds upon which his claims were based, as
required by Federal Rule of Civil Procedure 8.  *Id.* at *2.  Willingham was granted leave to file
an amended complaint within thirty days and placed on notice that his failure to do so would
result in a final order dismissing the case.  When he failed to file an amended complaint, the
Court entered a final dismissal order on February 3, 2025 (ECF No. 11).  Because Willingham
filed an Amended Complaint on February 10, 2025 (ECF No. 13), the Court will vacate the final
dismissal order and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
For the following reasons, the Amended Complaint is dismissed with prejudice.

## I.    FACTUAL ALLEGATIONS[1]

Willingham claims that Boyer violated his Sixth Amendment right to effective counsel

and seeks money damages and to have her license to practice law taken away. (Am. Compl. at 3,

5, 7.) She allegedly told him "that he had a trial, and he didn't, said the jury took 3 hrs to find

him guilty," but he claims "a trial did not happen." (*Id.* at 7.) Boyer never spoke to him at the

jail, allegedly conducted no investigation, filed no motions on his behalf, never argued in court

on his behalf, and filed no bail motions during the two years he was held as a pretrial detainee.

(*Id.*) He alleges that Boyer "caused many conflicts of interest in his case," leading him to file

three motions to have her recused, but the judge apparently denied his motions without

investigating the alleged conflicts. (*Id.*) He asserted in state court that Boyer committed "an

honest service violation." (*Id.*) Willingham also filed complaints with the bar association as

well as the Supreme Court Disciplinary Board, which did open an investigation. (*Id.* at 8.) He

also asserts that he could not file a complaint against the judge with "Judicial Disciplinary"

because Boyer would not give him transcripts of the court proceedings even though the judge

granted him *in forma pauperis* status and ordered the transcripts. (*Id.*) He also alleges that a

different non-defendant attorney abandoned his appeal. (*Id.*)

A review of public records indicates that Willingham entered a guilty plea on December

16, 2024 in the Court of Common Pleas of Chester County to a charge of retail theft for which he

received a sentence of 8-23 months incarceration. The conviction also resulted in a violation of

---

[1] The factual allegations are taken from Willingham's Amended Complaint. (ECF No. 13.) The Court adopts the sequential pagination assigned to the Amended Complaint by the CM/ECF docketing system. Additionally, the Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

2

his parole, for which he received a separate sentence. *See Commonwealth v. Willingham*, CP-15-CR-0002793-2014 (C.P. Chester).  Boyer is listed on the docket as the public defender who represented Willingham.  *Id.*

## II.    STANDARD OF REVIEW

As Willingham has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Willingham is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

Willingham asserts constitutional claims against Boyer for alleged violations of his Sixth Amendment right to counsel.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

The claim against Boyer is not plausible and will be dismissed with prejudice because public defenders are not "state actors" under § 1983.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  (footnote omitted)).  Also, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).  *See also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").

Accordingly, Willingham's Sixth Amendment claims against Boyer will be dismissed. Because any attempt to further amend this claim would be futile, the dismissal will be with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

_____

**KAI N. SCOTT, J.**